IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO, | 1:11-cv-01735-LJO-GSA-PC |
| Plaintiff, | ORDER STRIKING COMPLAINT FOR LACK OF SIGNATURE |
| vs. | (Doc. 1.) |
| JAMES YATES, et al., | ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT WITH SIGNATURE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint initiating this action on October 18, 2011. (Doc. 1.) Plaintiff's Complaint was deficient because it was not signed by Plaintiff. All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). The Complaint shall be stricken from the record based on lack of signature, and Plaintiff shall be granted leave to file a signed amended complaint.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a). Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell

1

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret
2  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting
3  this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.  Plaintiff must also
4  demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v.
5  Williams, 297 F.3d, 930, 934 (emphasis added).

   With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.  Plaintiff is cautioned that it is not the duty of the Court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983.  Rather, the Court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

   Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

   1.  Plaintiff's Complaint filed on October 18, 2011, is STRICKEN from the record for lack of signature;
   2.  The Clerk shall send Plaintiff a § 1983 civil rights complaint form;
   3.  Within thirty days from the date of service of this order, Plaintiff shall file an amended complaint which includes his original signature;
   4.  The amended complaint shall be clearly and boldly entitled "FIRST AMENDED COMPLAINT" and shall refer to case number 1:11-cv-01735-LJO-GSA-PC; and
   5.  Plaintiff's failure to comply with this order shall result in the dismissal of this action.

   IT IS SO ORDERED.

   Dated:   **November 2, 2011**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE